IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 09-00360-02-CR-W-GAF |
| SARAH McMILLIAN, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant appeared before me on November 23, 2009, and was released on a $25,000 unsecured surety bond. As a condition of her release, Defendant was advised, *inter alia*, that she was to (1) maintain or actively seek employment that was not in the capacity of an unlicensed massage therapist, (2) reside in the third-party custody of her mother, and (3) comply with a 10:00 p.m. to 6:00 a.m. curfew. On April 23, 2010, I received a violation report from Pretrial Services Officer Penney Hodges.

According to the report, Special Agent Warrent Gilpin advised Pretrial Service Officer Hodges on April 19, 2010, that he received a phone call from an individual who had previously been romantically involved with Defendant. The individual stated Defendant was residing with her fiancee, rather than with her mother. The individual also stated Defendant has continued to run her massage business through Craig's List, and that he had gone with Defendant while she had performed the massages to keep her safe. A search on Craig's List revealed several postings soliciting business for a massage with the telephone number allegedly utilized by Defendant. When Pretrial Services Officer Hodges called the number, no one answered and she did not receive voicemail.

Pretrial Services Officer Hodges visited Defendant's residence on April 21, 2010; she was advised by Defendant's autistic brother that Defendant did not live there. Pretrial Services Officer Hodges then repeatedly called Defendant's residence between 9:59 p.m. and 10:26 p.m., but did not reach Defendant. At 10:23 p.m., Pretrial Services Officer Hodges contacted Defendant's fiancee who stated Defendant was at home but suggested she was asleep. At 10:28, Defendant unknowingly contacted Pretrial Services Officer Hodges stating she had missed a call from someone. Pretrial Services Officer Hodges identified herself and inquired into Defendant's whereabouts. Defendant stated she had been at her fiancee's residence while he went to Wal-Mart and had recently returned home. Defendant acknowledged she had been late for curfew but denied that she had been residing elsewhere.

On April 22, 2010, Defendant reported to the U.S. Probation and Pretrial Services Office with her mother. Defendant provided a Wal-Mart receipt, verifying a purchase was made around 10:08 p.m. Defendant's mother stated Defendant had not consistently resided at her home during the past two weeks. She stated she was aware she should have brought this to the attention of Pretrial Services Officer Hodges, but had been consumed by her own serious physical health problems, caring for her disabled son, and had become weary of the stress Defendant's fiancee places on her and Defendant regarding the children. She advised she has not seen any signs of Defendant maintaining her massage business.

Defendant denies maintaining her massage business, noting she has been subjected to harassment by the individual who contacted Special Agent Gilpin and such individual's mother for quite some time. Defendant acknowledged she had not been residing with her other as ordered.

As a result, it is

2

Case 4:09-cr-00360-GAF   Document 23   Filed 04/26/10   Page 2 of 3

ORDERED that Defendant's mother, Mary McMillan, is removed as the surety on Defendant's bond. It is further

ORDERED that Defendant shall continue to reside with her mother. It is further

ORDERED that the conditions of Defendant's release are amended to include the following condition:

(1) Defendant shall wear an electronic monitoring device under the supervision of the U.S. Pretrial and Probation Office. Defendant shall pay all costs of electronic monitoring as directed by the U.S. Pretrial and Probation Office. Defendant shall not obstruct or attempt to obstruct or tamper with the efficiency or accuracy of any electronic monitoring equipment.

*/s/ Robert E. Larsen*
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
April 23, 2010